## Case No. 14,839.

### UNITED STATES v. COLT.

[Pet. C. C. 145.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

ACTION OF DEBT—AMOUNT CLAIMED—STATUTE—AMOUNT RECOVERED—EMBARGO BOND.

1. Debt on an embargo bond. The declaration demanded 20,000 dollars, and recited the statute which authorises the United States, to demand a sum, not exceeding 20,000 dollars, and

[1] [Reported by Richard Peters, Jr., Esq.]

not less than 1,000 dollars; which it averred that the defendant owed and detained. The jury found a verdict for 4,000 dollars. Upon a motion to arrest the judgment, this declaration was *held* to be good.

2. A declaration in debt, claiming no precise sum to be due, is without precedent; but the demand of one sum in the declaration, does not prevent the recovery of a smaller sum, diminished by extrinsic circumstances.

[Cited in Washington v. Eaton, Case No. 17,228; Dillingham v. Skein, Id. 3,912a; Re Rosey, Id. 12,066; Stockwell v. U. S., 13 Wall. (80 U. S.) 543.]

[Cited in brief in Lea v. Hopkins, 7 Pa. St. 494. Cited in Western Union Tel. Co. v. Scircle, 103 Ind. 229, 2 N. E. 605.]

This was an action of debt, brought upon an embargo bond, in the district court, to June, 1811; and the declaration demanded twenty thousand dollars, which the defendant was alleged to owe and detain. It then recited the embargo law, laying the breach, by the defendant; "whereby the United States are entitled to demand a sum, not exceeding twenty thousand dollars, and not less than one thousand dollars, viz. twenty thousand dollars;" which it averred to be due to the plaintiffs and detained from them by the defendant. Upon nil debet pleaded, the jury found a verdict for four thousand dollars. [Case unreported.] The defendant took out a writ of error, returnable at April sessions 1812, of the circuit court; and the case now came on for decision.

WASHINGTON, Circuit Justice. The question in this case is, whether the action is maintainable. The objection to the action of debt, where the penalty is uncertain is, that this action can only be brought to recover a specific sum of money, the amount of which is ascertained. It is said, that the very sum demanded, must be proved; and on a demand for thirty pounds, you can no more recover twenty pounds, than you can a horse, on a demand for a cow. Blackstone says (3 Bl. Comm. 154) that debt, in its legal acceptation, is a sum of money due, by certain and express agreement; where the quantity is fixed and does not depend on any subsequent valuation to settle it; and for nonpayment, the proper remedy is the action of debt, to recover the specific sum due. So if I verbally agree to pay a certain price for certain goods, and fail in the performance, this action lies; for this is a determinate contract. But if I agree for no settled price, debt will not lie, but only a special action on the case; and this action is now generally brought, except in cases of contracts under seal, in preference to the action of debt; because, in this latter action, the plaintiff must prove the whole debt he claims, or recover nothing at all. For the debt is one single cause of action, fixed and determined; and which, if the proof varies from the claim, cannot be looked upon, as the same contract of which performance is demanded. If I sue for thirty

pounds, I am not at liberty to prove a debt of twenty pounds, and recover a verdict thereon; for I fail in the proof of that contract, which my action has alleged to be specific and determinate. But indebitatus assumpsit is not brought to compel a specific performance of the contract; but is to recover damages for its non-performance; and the damages being indeterminate, will adapt themselves to the truth of the case, as it may be proved; for if any debt be proved, it is sufficient.

The doctrine laid down by this writer, appears to be much too general and unqualified; although to a certain extent, it is unquestionably correct. Debt is certainly a sum of money due by contract, and it most frequently is due by a certain and express agreement, which also fixes the sum, independent of any extrinsic circumstances. But it is not essential, that the contract should be express, or that it should fix the precise amount of the sum to be paid. Debt may arise on an implied contract, as for the balance of an account stated; to recover back money which a bailiff has paid more than he had received; and in a variety of other cases, where the law, by implication, raises a contract to pay. 3 Com. Dig. 365. The sum may not be fixed by the contract, but may depend upon something extrinsic, which may be averred; as a promise to pay so much money as plaintiff shall expend in repairing a ship, may be sued in this form of action; the plaintiff averring that he did expend a certain sum. 2 Bac. 20. So, on promise by defendant, to pay his proportion of the expenses of defending a suit, in which defendant was interested, with an averment that plaintiff had expended so much, and that defendant's proportion amounted to so much. 3 Lev. 429. So an action of debt may be brought for goods sold to defendant, for so much as they were worth. 2 Com. Dig. 365. So debt will lie for use and occupation, where there is only an implied contract, and no precise sum agreed upon. 6 Term R. 63.

3 Wood. 95, states, that debt will lie for an indeterminate demand, which may readily be reduced to a certainty. In Emery v. Fell, 2 Term R. 28, in which there was a declaration in debt, containing a number of counts for goods sold and delivered, work and labour, money laid out and expended, and money had and received; the court, on a special demurrer, sustained the action, although it was objected that it did not appear that the demand was certain, and because no contract of sale was stated in the declaration. But the court took no notice of the first objection, and avoided the second, by implying a contract of sale, from the words which stated a sale. These cases prove, that debt may be maintained upon an implied, as well as upon an express contract; although no precise sum is agreed upon. But the doctrine stated by Lord Mansfield, in the case of Walker v.

Witter, 1 Doug. 6, is conclusive upon this point. He lays it down, that debt may be brought for a sum capable of being ascertained, though not ascertained at the time the action was brought. Ashurst and Buller say, that whenever indebitatus assumpsit is maintainable, debt is also. In this case two points were also made by the defendant's counsel; first, that on the plea of nil debet, the plaintiff could not have judgment, because debt could not be maintained on a foreign judgment; and secondly, that on the plea of nul tiel record, judgment could not be entered for the plaintiff, because the judgment in Jamaica was not on record. The court were in favour of the defendant, on the second point, and against him in the first; by deciding, that debt could be maintained on a foreign judgment, because, indebitatus assumpsit might; and that the uncertainty of the debt demanded in the declaration, was no objection to the bringing of an action of debt. The decision therefore given upon that point, was upon the very point, on which the cause turned. But, independent of the opinion given in this case, is it not true, to use the words of Buller, "that all the old cases show, that whenever indebitatus assumpsit is maintainable, debt also lies." The subject is very satisfactorily explained by Lord Loughborough, in the case of Rudder v. Price, (1 H. Bl. 550,) which was an action of debt, brought on a promissory note payable by instalments, before the last day of payment was past; in which the court, yielding to the weight of authority, rather than to the reason which governed it, decided; that the action could not be supported, because the contract being entire, would admit of but one action, which could not be brought until the last payment had become due, although indebitatus assumpsit might have been brought. But his lordship was led to inquire into the ancient forms of action on contracts; and he states, that in ancient times, debt was the common action for goods sold, and for work and labour done. Where assumpsit was brought, it was not a general indebitatus assumpsit; for it was not brought merely on a promise, but a special damage for a nonfeasance, by which a special action arose to the plaintiff. The action of assumpsit, to recover general damages for the non-performance of a contract, was first introduced by Slade's Case, which course was afterwards followed. In the case of Walker v. Witter, Buller also stated, that till Slade's Case, Trin. Term, 44 Eliz., 4 Coke, 92b, a notion prevailed, that on a simple contract for a certain sum, the action must be debt; but it was held in that case, that the plaintiff might bring assumpsit, or debt at his election.

Thus it appears, that in all cases of contracts, unless a special damage was stated, the primitive action was debt; and that the action of indebitatus assumpsit succeeded,

principally, I presume, to avoid the wager of law; which in Slade's Case, was one of the main arguments, urged by the defendant's counsel, against allowing the introduction of the action of assumpsit; as it thereby deprived the defendant of his privilege of waging his law. Buller seems therefore to have been well warranted in the case of Walker v. Witter, in saying; that all the old cases show, that where indebitatus assumpsit will lie, debt will lie. The same doctrine is supported by the case of Emery v. Fell, 2 Term R. 30, which was an action of debt, in which all the counts of indebitatus assumpsit are stated; where the objection to the doctrine was made and overruled. So in the case of Herries v. Jamieson, 5 Term R. 557, Ashurst refers with approbation, to the opinion delivered in the case of Walker v. Witter. That debt may be brought for foreign money, the value of which the jury are to find, had been decided before the case of Walker v. Witter; as appears by the case of Rands v. Peck, Cro. Jac. 618; and in Draper v. Rastal, Id. 88, the same action was brought, though in different ways, for current money, being the value of the foreign.

Com. Dig. tit. "Debt," p. 366., where he enumerates the cases in which debt will not lie, states no exception to the rule that where indebitatus assumpsit will lie, debt will lie, but one for the interest of money due upon a loan. But the reason of that, is explained by Lord Loughborough in the case of Rudder v. Price; who states, that until the case of Cooke v. Whorwood, 2 Saund. 337, upon a covenant to pay a stipulated sum by instalments, if the plaintiff brought assumpsit, after the first failure, he was entitled to recover the whole sum in damages; because he could not in that form of action, any more than in the action of debt, support two actions on an entire contract. Until that decision, the only difference between debt and assumpsit in such a case, was, that the former could not be brought, until after the last instalment was due; and, in the latter, though it might be brought after the first failure, yet the plaintiff might recover the whole, because he could not maintain a second action on the same contract.

I proceed with the doctrine of Judge Blackstone before stated. After stating what constitutes debt, he observes, "that the remedy is an action of debt, to recover the special sum due." It is observable, that he does not say, that the plaintiff is to recover the sum demanded, by his declaration; and no person will deny, but that he is to recover the special sum due. After stating what constitutes a debt, and prescribing the remedy, Judge Blackstone proceeds to the evidence and recovery; and says, "the plaintiff must prove the whole debt he claims, or he can recover nothing." On this account he adds "the action of assumpsit is most commonly brought; because in that, it is sufficient if the plaintiff

prove any debt to be due, to enable him to recover the sum, so proved, in damages." If this writer merely means to say, that where a special contract is laid in the declaration, it must be proved as laid; the doctrine will not be controverted. If debt be brought on a written agreement, the contract produced in evidence, must correspond, in all respects, with that stated in the declaration; and any variance will be fatal to the plaintiff's recovery. Such too is the law in all special actions in the case; but if Judge Blackstone meant to say, that in every case, where debt is brought on a simple contract, the plaintiff must prove the whole debt as claimed by the declaration, or that he can recover nothing; he is opposed by every decision, ancient and modern. The old cases before mentioned, in which debt was brought and sustained, are all cases, where it is impossible to suppose that the sum stated in the declaration, was or could in every instance be proved; any more, than it is, or can be proved, in actions of indebitatus assumpsit. They are in fact, actions substantially like to actions of indebitatus assumpsit in the form of action for debt. The action of debt for foreign money, is and can be for no determinate sum; because the value must be found by the jury, either upon the trial of the issue, or upon a writ of inquiry, where there is judgment by default. Rand. Peake. The case of Sanders v. Mark [3 Lev. 429], is debt for an uncertain sum, in which the debt claimed, was for fifteen pounds eighteen shillings and six pence, and the defendant's proportion of the whole sum, was averred to be fifteen pounds eighteen shillings and eight pence; yet the action was supported. This is plainly a case, where the sum due could not be certainly averred; because the yearly value of the defendant's property might not be known to the plaintiff, and could only be ascertained, with certainty, by the jury. In the case of Walker v. Witter, Lord Mansfield is express upon this point. He says, that debt may be brought for a sum capable of being ascertained, though not ascertained at the time of bringing the action; and he adds, that it is not necessary that the plaintiff should recover the exact sum demanded. In the case of Rudder v. Price, Lord Loughborough, who has shed more light upon this subject than any other judge, says "that long before Slade's Case, the demand in an action of debt must have been for a thing certain in its nature; yet, it was by no means necessary, that the amount should be set out so precisely, that less could not be recovered." In short, if before Slade's Case, debt was the common action for goods sold, and work done; it is more obvious, that it was not thought necessary to state the amount due, with such precision, as that less could not be recovered; for in those cases, as the same judge observes, "the sum due was to be ascertained by a jury, and was given in the form of damages." But yet the demand was for a thing certain in its nature; that is, it was capable of being ascertained, though not ascertained, or perhaps capable of being so, when the action was brought. Whence the opinion arose, that in an action of debt on a simple contract, the whole sum must be proved, I cannot ascertain. It certainly was not, and could not be the doctrine prior to Slade's Case; and it is clear, that it was not countenanced by that case. However, let the opinion have originated how it might, Lord Loughborough in the above case, denominates it an erroneous opinion, and says, that it has been some time since corrected.

In the case of M'Quillin v. Cox [1 H. Bl. 249], the sum demanded was five thousand pounds; which was fifty more than appeared to be due by the different sums. The objection was made on a special demurrer, that the declaration demanded more than appeared by the plaintiff's own showing to be due. The court did not notice the alleged variance between the writ and declaration, or the misrecital of the writ; but overruled the demurrer, because the plaintiff might, in an action of debt on a simple contract, prove and recover a less sum than he demanded in the writ. From this last expression it might be supposed, that the court meant to distinguish between the sum demanded by the writ, and that demanded by the declaration; but this could not have been the case, because the sum demanded by the writ, and that demanded by the declaration was the same; viz. five thousand pounds. There was, in fact, no variance; for, though the declaration recites the writ, yet the sum demanded, and which the declaration declared to be the sum which the defendant owed and detained, was the same sum as that mentioned in the writ; and the objection stated in the special demurrer, was made to the variance, between the sum demanded by the declaration, and the sum alleged to be due.

The distinction taken in the case of Ingledew v. Cripps, 2 Ld. Raym. 815, Salk. 659, runs through all the above cases, and appears to be perfectly rational, viz. that where debt is brought on a covenant, to pay a sum certain, any variance of the sum in the deed will vitiate. But, where the deed relates to matter of fact extrinsic, there, though the plaintiff demanded more than is due, he may enter a remittitur for the balance. This shows, that debt may be brought for more than is due, and that the jury may give less; or if they give more than is due, the error may be corrected by a remitter.

Thus stands the doctrine in relation to the action of debt on contracts; and if debt will lie on a contract, where the sum demanded is uncertain, it would seem to follow, that it would lie for a penalty given by statute, which is uncertain, and de-

pendent upon the amount to be assessed by a jury. For, when they have assessed it. the sum so fixed becomes the amount of the penalty given. This however stands upon stronger ground than mere analogy. The point is expressly decided in the case of Pemberton v. Shelton, Cro. Jac. 498. That was an action of debt brought upon the first section of the statute 2 Edw. VI. c. 13, which gives the treble value of the tithes due, for not setting them out. The declaration claimed thirty-three pounds, as the treble value; and in setting forth the value of the tithes, the whole amount appeared to be more than one third of the sum demanded: so that the plaintiff claimed less than the penalty given by the statute. Upon nil debet pleaded, the jury found for the plaintiff twenty pounds, and a motion was made in arrest of judgment, for the reason above mentioned. The court overruled the motion, upon the ground afterwards laid down in the case of Ingledew v. Cripps. They held, that there was a difference when the action of debt is grounded on a specialty, or contract, which is a sum uncertain: or upon a statute, which gives a certain sum for the penalty; and where it is grounded on a demand, when the sum is uncertain, being such as shall be given by the jury. In the former, it was agreed, that the plaintiff cannot demand less than the sum agreed to be paid or given by the statute; but in the latter, it is said, that if the declaration varies from the real sum, it is not material; for he shall not recover according to his demand in the declaration, but according to the verdict and judgment, which may be given for the plaintiff. It cannot be said, that this doctrine was laid down in consequence of the court considering this as a statutory action, to which it was necessary to accommodate the recovery, by changing general principles of law applicable to other cases: for it will appear, by a reference to the statute, that it prescribes no remedy for enforcing the penalty; and that debt was brought upon the common law principle, that where a statute gives a penalty, debt may be brought to recover it. In this case the statute gives the action of debt, and I cannot perceive in what other form, than this one which has been adopted, the declaration could have been drawn. Had it claimed the smallest sum, it might have been less than the jury might have thought the United States entitled to recover: and yet, judgment could not have been given for more. I know of no precedent for a declaration in debt, claiming no precise sum to be due and detained, nor any principle of law, which would sanction such a form. On the other hand, I find abundant authority for saying, that the demand of one sum, does not prevent the recovery of a smaller sum, where it is diminished by extrinsic circumstances. Rule discharged.